USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1581 DENNIS J. BELDOTTI, Plaintiff, Appellant, v. GWEN BOISVERT, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert B. Collings, U.S. Magistrate Judge] ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Dennis J. Beldotti on brief pro se. __________________ Scott Harshbarger, Attorney General, and Gregory I. Massing, _________________ ____________________ Assistant Attorney General, Criminal Bureau, on brief for appellees William Delahunt and Gerald Pudolsky. Scott Harshbarger, Attorney General, and Howard R. Meshnick, __________________ ___________________ Assistant Attorney General, Trial Division, on brief for appellees Gwen Boisvert, William McCabe, Charles Barry, and James Sharkey. Bruce R. Henry, Thomas M. Elcock, and Morrison, Mahoney & Miller ______________ ________________ ___________________________ on brief for appellee Glover Memorial Hospital. Brian Rogal and Law Offices of Timothy M. Burke on brief for ____________ _________________________________ appellee Brian O'Hara. David C. Jenkins and Dwyer & Jenkins on brief for appellees _________________ _________________ Thomas J. Leary, Michael F. O'Toole and Albert P. Droney. William J. Dailey, Jr., Robert G. Eaton, Janet Nally Barnes, and ______________________ ________________ __________________ Sloane and Walsh on brief for appellee Jonathan Diamond, M.D. ________________ ____________________ October 29, 1996 ____________________ Per Curiam. On de novo review of the issues, we ___________ __ ____ agree that plaintiff's 1983 claims are barred by the borrowed three-year state limitations period for tort actions. The complaint seeks monetary damages arising from the application to plaintiff's skin of a chemical solution containing ortho-tolidine, a potential carcinogen, during an investigatory search for the presence of occult (invisible) blood. Plaintiff alleges Fourth Amendment, due process, and other constitutional violations arising from the skin search, which was conducted in August, 1988. He does not claim injury nor damages arising from his later criminal conviction and imprisonment. Thus the 1983 claims stated in the complaint accrued on the date that the search was conducted, and this complaint, filed almost five years later, was untimely. See McIntosh v. Antonio, 71 F.3d 29, 34 (1st Cir. ___ ________ _______ 1995). While the magistrate's opinion raises some interesting questions about how a court might handle similar claims filed during the pendency of parallel state criminal proceedings, we need not reach those questions because this complaint was filed well after the state proceedings had concluded.  Plaintiff's allegation that he did not learn of the latent effects of ortho-tolidine until October 30, 1992, does not affect the accrual date. The gravamen of plaintiff's  1983 claims is not a medical injury but the alleged injury to -2- his constitutional rights based on the ortho-tolidine skin search. It is beyond dispute that when the skin search was conducted plaintiff had sufficient notice of all of the facts necessary to alert him to a possible constitutional injury, as further demonstrated by his assertion of Fourth Amendment motions to suppress the test results in his criminal trial. Through reasonable diligence during the limitations period he could have discovered the facts which he states were then well known in scientific circles, and on which he now seeks to predicate additional constitutional injury and damage. See Marrapese v. State, 749 F.2d 934, 937-38 (1st Cir. 1984), ___ _________ _____ cert. denied, 474 U.S. 921 (1985).  ____________ Accordingly, the judgment below is affirmed and, ________ as no federal issues remain, the judgment is modified to ________ indicate that the pendent state claims are dismissed without prejudice for lack of jurisdiction. -3-